# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2024 CA 0968

## ANDREW A. AUCOIN, III AND PEGGY VERRET AUCOIN

### VERSUS

## JARED LANDRY, ALLISON LANDRY AND SOUTHERN FIDELITY INSURANCE COMPANY

*Judgment Rendered:* FEB 2 8 2025

********

16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Suit Number 130,269, Div. E

The Honorable Keith Comeaux, Judge Presiding

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

| | |
|---|---|
| Edward P. Landry<br>Megan K. Terrell<br>Samuel W. Plauche, IV<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Andrew A. Aucoin, III and Peggy<br>Verret Aucoin |
| Porteus R. Burke<br>New Iberia, Louisiana | Counsel for Defendants/Appellees<br>Jason Landry and Allison Landry |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

BEFORE: McCLENDON, C.J., LANIER, AND BALFOUR, JJ.

PMc McClendon, J. Concurs in the Result Reached by the majority.

**LANIER, J.**

The plaintiffs/appellants, Andrew A. Aucoin, III and Peggy Verret Aucoin (the Aucoins), have appealed the partial final judgment of the Sixteenth Judicial District Court, which granted the peremptory exceptions raising the objections of no cause of action and prescription filed by the defendants/appellees, Jason Landry and Allison Landry (the Landrys). For the following reasons, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

The Aucoins and Landrys own adjacent property in St. Mary Parish. The Aucoins purchased their property in 1996, and the Landrys purchased their property in 2004. Since about 2005, the Landrys have operated a swine farm on their property. On October 14, 2016, the Aucoins filed an original petition for damages, alleging therein that that the Landrys' swine farm prohibited the Aucoins from enjoying peaceful and undisturbed possession of their property. Specifically, the Aucoins alleged that the Landrys negligently and/or intentionally allowed waste material to migrate from their swine farm onto the Aucoin property and had driven their vehicles on the Aucoin property without the Aucoins' consent, thereby committing civil trespass. The Aucoins further alleged that the waste contaminated waterways adjacent to their property, generated putrid odor, and attracted pests to their property, resulting in serious health hazards and stress on their wellbeing. The Aucoins claimed that the trespass was ongoing. On February 13, 2017, the Aucoins filed a motion for temporary restraining order and preliminary injunction and/or permanent injunction against the Landrys under the aforementioned allegations.

On March 24, 2017, the Landrys filed a peremptory exception raising the objection of no cause of action, in which they alleged that the swine farm, which had existed for at least twelve years prior to the Aucoins' filing of their original petition, had been in existence for more than a year prior to the suit being filed and the

2

conditions of which the Aucoins complained have been in existence since the swine farm had been in operation.[1] The Landrys further claimed that the Aucoins had no cause of action due to La. R.S. 3:3601 *et. seq.*, known as the "Right to Farm Law," which states that "[n]o agricultural operation shall be deemed to be a nuisance in any action," if "[t]he agricultural operation has existed for one year or more and the conditions or circumstances alleged to constitute a nuisance have existed substantially unchanged since the established date of operation." La. R.S. 3:3603(B)(3). On September 18, 2017, the Landrys filed a motion for summary judgment, again arguing that their swine farm cannot be deemed a nuisance pursuant to the Right to Farm Law.

On December 10, 2021, the Aucoins filed a second amended and restated petition for declaratory judgment and injunctive relief.[2] Therein, the Aucoins added Landry's Lawn Service and Landscaping, LLC, and JL Farms, LLC, as defendants. The Aucoins alleged that the Landrys had further expanded the swine farm, and continued to dump waste and chemicals onto the Aucoin property, causing ongoing civil trespass. Additionally, the Aucoins claimed that the Landrys' activities were in violation of state and federal laws, and that the Louisiana Department of Environmental Quality had issued the Landrys a Notice of Deficiency after conducting an inspection of their property. The Notice of Deficiency was issued due to the Landrys' dumping of wastewater without proper permits. The Aucoins also alleged that the swine farm operations violated Section 10 of the Rivers and Harbors Act of 1899, 33 USC § 403 and 404 of the Clean Water Act, by failing to obtain permit authorization from the United States Army Corps of Engineers and the

---

[1] The Landrys had not filed a peremptory exception raising the objection of prescription at this time.

[2] The Aucoins filed a first supplemental and amended petition for damages on April 27, 2017. The primary purpose of that pleading was to add Southern Fidelity Insurance Company as a defendant to the suit.

Louisiana Department of Natural Resources, and La. R.S. 49:214.30, regarding the issuance of coastal use permits.

The Aucoins further alleged in the second amended and restated petition that in 2014, after St. Mary Parish adopted a Unified Development Code (UDC) which rezoned the unincorporated land of the parish, the Landry property was rezoned as residential, and without a permit to continue the swine farm, the Landrys were operating the swine farm in violation of St. Mary Parish ordinances. The Aucoins requested that the district court issue a declaratory judgment finding that the Landrys unlawfully constructed and operated their swine farm, and also requested a permanent injunction be issued against the Landrys to stop the flow of wastewater onto the Aucoin property, as well as any other unlawful acts by the Landrys in connection with their swine farm. On November 16, 2022, the Aucoins filed a motion for partial summary judgment against all defendants, in which they restated all of their allegations in the second amended and restated petition.

The Landrys then filed two separate peremptory exceptions on February 13, 2023, one raising the objection of no cause of action concerning the Aucoins' request for declaratory judgment and injunctive relief based on the St. Mary Parish UDC, and the other raising the objection of prescription relative to their alleged violation of St. Mary Parish's planning, zoning, and land use laws. The matters were heard by the district court on April 12, 2023. On May 19, 2023, the district court issued "Reasons for Judgment," stating therein that the "Defendants' Exception of No Cause of Action" was granted in part, and that "Jared Landry's" exception of prescription was granted.[3]

---

[3] Oral and written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. *Wooley v. Lucksinger*, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. Therefore, these "Reasons for Judgment" are neither appealable nor reviewable by this court.

On July 24, 2023, the Landrys filed another peremptory exception raising the objection of no cause of action relative to any claims by the Aucoins related to the Right to Farm Law as it applies to a nuisance in any action brought under the provisions of La. C.C. art. 669, La. R.S. 33:361, or La. R.S. 40:14.

On November 7, 2023, the Aucoins filed a third amended and supplemental petition for damages, declaratory judgment, and injunctive relief. Therein, the Aucoins alleged that the Landrys continued to operate their swine farm, and thereby trespassing upon and interfering with the Aucoins' enjoyment of their property. The Aucoins restated all their previous claims, including the Landrys' alleged violation of state and federal laws and operation of the swine farm without required permits. The Aucoins alleged further that in response to the Notice of Deficiency received by LDEQ, the Landrys attempted to obtain a Best Management Practices (BMP) plan to be compliant with LDEQ with respect to the disposal of solid waste, but the Landrys' actions remained in violation of the BMP.

The petition also reiterates the Landrys' alleged violation of St. Mary Parish's UDC by not conforming to the residential zoning established in 2014 where the Landry property is located. The Aucoins state that the Landrys' swine farm could only continue to operate in the residential zone with a permit issued from the parish, which the Landrys had not obtained. The Aucoins also claimed that the Landrys' operations do not conform with the accepted agricultural practices of the Right to Farm Law. The Aucoins sought a declaratory judgment finding that the Landrys were in violation of the UDC, a permanent injunction against the Landrys' swine farm operations to the extent that they damage the Aucoins' use and enjoyment of their property, attorney fees, costs, and any other equitable relief.

After a hearing on November 16, 2023, the district court signed a judgment on December 10, 2023, granting the Landrys' exception of no cause of action "relative to any claims by [the Aucoins] related to the Right to Farm [Law] as applies

5

to a nuisance in any action brought under the provisions of [La. C.C. art.] 669, [La.] R.S. 33:361, [and La.] R.S. 40:14;" granting the Landrys' exception of no cause of action "relative to any claims by [the Aucoins] related to the Right to Farm [Law] as applies to a nuisance in any action brought under the St. Mary Parish Code of Ordinance to include but not be limited to the St. Mary Parish [UDC];" and granting the Landrys' exception of prescription "in response to [the Aucoins'] request for a Declaratory Judgment and Injunctive Relief based on St. Mary Parish Planning and Zoning Land Use Laws and Regulations." The district court denied the exception of prescription "concerning the remaining tort claims" and certified that the judgment was final for the purposes of La. C.C.P. art. 1915(B)(1), deferring costs to the merits.

Subsequent to the aforementioned judgment's signing, the Landrys filed on December 21, 2023, a motion to strike the Aucoins' third amended and supplemental petition, which has not yet been resolved by the district court. The Aucoins appealed the December 10, 2023 judgment on February 2, 2024.[4]

## ASSIGNMENTS OF ERROR

The Aucoins allege the following assignments of error:

1. The district court erred in granting the exception of no cause of action, finding that the Right to Farm Law applied to bar the nuisance claims, because the district court's decision is based on evidence not contained in or annexed to the petition and not admitted without objection to enlarge the petition.

2. The district court erred in determining a question of fact on the exception of no cause of action.

3. The district court erred in failing to consider St. Mary Parish's adoption of the UDC in 2014 as triggering a new violation subject to a new prescriptive period

---

[4] With respect to the pending motion to strike the third amended and supplemental petition, we find no potential for a piecemeal appeal. The third amended and supplemental petition contains the same requests for relief as the second amended and supplemental petition, which is on appeal. Although the district court gives no reasons in its judgment as to why there is no just reason for delay of the appeal, after a *de novo* review of the record, we find it apparent in the record that the judgment would dismiss the same requests for relief made by the Aucoins in the third amended and supplemental petition. Therefore, we find the district court's La. C.C.P. art. 1915(B) certification to be proper. See *R.J. Messinger, Inc. V. Rosemblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

6

under La. R.S. 9:5625(A)(1) because the Landrys failed to obtain a specific use permit only required under the 2014 UDC.

4. The district court erred in finding that La. R.S. 9:5625(A)(3) applies only to actions brought by a local governmental entity.

## DISCUSSION

The judgment on appeal grants two exceptions of no cause of action that arise from the same transaction or occurrence, but each exception concerns a different theory of recovery. If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La. 1993).

Although the Landrys filed two separate partial exceptions of no cause of action, both of which the district court granted, we find the overall result to be the same. As stated by *Everything on Wheels Subaru*, there is only one cause of action. In the instant case, the district court maintained two separate partial exceptions of no cause of action, each being a partial judgment on the cause of action of nuisance. The exceptions of no cause of action filed by the Landrys have no bearing on the Aucoins' request for declaratory judgment and injunctive relief based on the Landrys' alleged violation of the UDC. Therefore, we find the district court's judgment is an interlocutory judgment, as it does not expressly adjudicate all of the Aucoin's claims. See *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d at 1241 (La. 1993).

Appeals may be taken "from a final judgment" and from "an interlocutory judgment which may cause irreparable injury." La. C.C.P. art. 2083. A final judgment is one that determines the merits of the action in whole or in part. La.

7

C.C.P. art. 1841. However, the Code only authorizes the rendering of *some* partial final judgments. La. C.C.P. art. 1915. A judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable. However, a judgment *partially* maintaining an exception of no cause of action is a valid partial final judgment (and therefore appealable) only if authorized by Article 1915. *Everything on Wheels Subaru*, 616 So.2d at 1239.

A district court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. If the former, the district court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part, but the partial judgment rendered by the court is not a partial final judgment which is appealable in the absence of irreparable injury. *Everything on Wheels Subaru*, 616 So.2d at 1242.

The instant case resembles the first contemplated circumstance, where the petition asserts more than one theory of recovery (damages, declaratory judgment, and permanent injunction) based on a single transaction or occurrence (the Landrys' swine farm operations). By the rule set out in *Everything on Wheels Subaru*, the partial exceptions of no cause of action regarding nuisance should have been overruled. We therefore pretermit discussion of the first two assignments of error, with respect to the issues of the Right to Farm Law and whether the district court erred in determining a question of fact.

8

Concerning the granting of the exception raising the objection of prescription as to the Aucoins' request for declaratory judgment and injunction, the Aucoins argue in the third assignment of error that the prescriptive period of five years began to run upon St. Mary Parish's adoption of the UDC zoning ordinance in 2014. In order to reverse a factfinder's determinations on an exception of prescription, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the district court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *Sanders v. Petrin, L.L.C.*, 2019-1625 (La. App. 1 Cir. 7/24/20), 309 So.3d 388, 390.

The applicable prescription statute in La. R.S. 9:5625(A)(1)[5], which states:

> (1) All actions civil or criminal, created by statute, ordinance, or otherwise... which may be brought by parishes, municipalities, or their instrumentalities or by any person, firm, or corporation to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, municipality, or an instrumentality thereof, and based upon the violation by any person, firm, or corporation of such restriction or regulation, must be brought within five years from the first act constituting the commission of the violation.

It is undisputed in the record that the UDC was enacted in 2014, and that the Aucoins first raised the issue of the Landrys' violation of the UDC and requested declaratory judgment and injunctive relief in their second amended and restated petition on December 10, 2021. Therefore, the "first act constituting the commission of the violation" would have happened in 2014 when the UDC was enacted. As the Aucoins' claim for declaratory judgment and injunctive relief was not raised until 2021, six years later, it would seem that the claim has prescribed on its face.

---

[5] This statute was amended, effective June 12, 2011, but Subsection A was not changed by the amendment. See Acts 2011, 1st Ex. Sess., No. 30, § 1.

However, we are mindful of La. C.C.P. art. 1153 in determining whether the second amended and restated petition relates back to the original petition. In such a case, the claim would not have prescribed. That article states:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

Entirely new and distinct causes of action, which do not arise out of the conduct asserted in the original petition, do not relate back to the original petition. *Price v. North*, 2021-0236 (La. App. 1 Cir. 10/18/21), 331 So.3d 959, 975. In the instant case, the original petition set forth only the theory of recovery regarding the tort of nuisance, arising from the Landrys' alleged trespass onto the Aucoins' property. In the second amended and restated petition, new theories of recovery were raised: a request for declaratory judgment, and a request for injunctive relief, arising from the Landrys' alleged violation of the UDC. Despite being new theories of recovery, however, they arise out of the same transaction or occurrence: the Landry's continued swine farm operations. As such, these newly raised claims from the second amended and restated petition relate back to the original petition, which was filed in 2016, two years after the five-year prescriptive period of La. R.S. 9:5625(A)(1) began, and have not prescribed. Therefore, the district court was manifestly erroneous in granting the peremptory exception raising the objection of prescription "in response to [the Aucoins'] request for a Declaratory Judgment and Injunctive Relief based on St. Mary Parish Planning and Zoning Land Use Laws and Regulations."

The contention in the fourth assignment of error that the district court's finding that La. R.S. 9:5625(A)(3) applies only to actions brought by a local governmental entity, that "finding" is only contained in the "Reasons for Judgment" of May 19, 2023, and is not found in the December 10, 2023 judgment before this

court on appeal. Oral and written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. *Wooley v. Lucksinger*, 2009-0571 (La. 4/1/11), 61. So.3d 507, 572. Therefore, the fourth assignment of error is not properly before us.

## DECREE

The judgment of the Sixteenth Judicial District Court, with respect to its granting of the peremptory exception raising the objection of no cause of action relative to any claims related to the Right to Farm Law as it applies to a nuisance in any action brought under La. C.C. art. 669, La. R.S. 33:361, or La. R.S. 40:14, is reversed. The judgment's granting of the peremptory exception raising the objection of no cause of action relative to any claims related to the Right to Farm Law as it applies to a nuisance in any action brought under the St. Mary Parish Code of Ordinance to include but not be limited to the St. Mary Parish Unified Development Code, is reversed. The judgment's granting of the peremptory exception raising the objection of prescription in response to the request for declaratory judgment and injunctive relief based on the St. Mary Parish Planning and Zoning Land Use Laws and Regulations is reversed. The judgment is affirmed in all other respects. All costs of this appeal are assessed to the defendants/appellees, Jared Landry and Allison Landry.

**REVERSED IN PART, AFFIRMED IN PART.**